**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICOLE FARBER, | No. 11-17038 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02374-GMS |
| v. | |
| CITY OF MESA, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted May 15, 2013
San Francisco, California

Before: McKEOWN and WATFORD, Circuit Judges, and DUFFY, Senior District
Judge.[**]

Nicole Farber ("Farber") appeals from the district court's grant of summary

judgment to the City of Mesa ("Mesa") on her disparate treatment claims brought

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*[1]  Farber

argues that Mesa discriminatorily terminated her employment as a crime scene

technician with the police department based on her gender and her failure to adhere

to gender norms.  Mesa cites to Farber's improper disclosure and distribution of

graphic crime scene photos to citizens and her refusal to recognize the seriousness

of her conduct as the bases for termination.  This court reviews de novo the district

court's grant of summary judgment.  *Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856,

859 (9th Cir. 2011).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts, and we do not recite them here.

In alleging cognizable claims of gender and gender stereotyping

discrimination, Farber bears the burden of showing that Mesa treated similarly

situated men (or females who conform to gender roles) more favorably.  *See*

*Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 n.5 (9th Cir. 2003) (citing

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).  We define

"similarly situated" employees to mean employees with "similar jobs" who display

"conduct of comparable seriousness."  *Id.* at 641.

---

[1] Farber waives any challenges to the district court's grant of summary judgment on her remaining claims because she did not raise them in her opening brief.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996); *see also* Fed. R. App. P. 28(a)(9)(A).

With respect to her gender stereotyping claim, Farber makes no argument that female employees who conform to gender norms in similar jobs received more favorable treatment. She does, however, attempt to establish a prima facie case of gender discrimination by pointing to male police officers who committed misconduct but were not terminated. The cited misconduct involves male police officers taking "trophy" photos with seized and found property, writing inappropriate epitaphs on police photos of incarcerated or deceased individuals, driving drunk while off duty, and spending excessive time at home while on duty and without permission. Ignoring whether service as a police officer is sufficiently similar to service as a crime scene technician, these examples of misconduct are not of "comparable seriousness" to Farber's because they do not involve disclosing and distributing confidential records of a graphic and sensitive nature to persons outside the police department. Moreover, there is no assertion that the police officers in the proffered examples were found to have lacked an appreciation for the seriousness of their conduct. Farber, therefore, does not carry the weight of her burden. *Id.* at 641.

Even assuming she successfully established a prima facie case of gender discrimination, Farber fails to establish that Mesa's proffered legitimate nondiscriminatory reason was pretext for unlawful termination. *Tex. Dep't of*

3

*Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Mesa cites to Farber's violation of nine written departmental policies as the basis for her termination. In attempting to persuade the court that Mesa's stated reason is "unworthy of credence," *id.*, Farber argues a "cat's paw" theory of liability on grounds that gender bias and gender stereotyping motivated the officer investigating her charges of misconduct to exaggerate her policy violations. Her argument, however, is long on theory and short on facts. Farber's self-serving statements alone are insufficient to defeat summary judgment. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 n.6 (9th Cir. 2006).

Farber's only remaining pretext argument is that her conduct does not amount to a departmental violation because crime scene photos from closed cases are available to citizens through a public records request. Mesa, however, terminated Farber's employment upon belief that only *non-graphic* photos from closed cases were available through public records requests. Nothing in the record supports the assertion that Mesa was disingenuous as to its bases for terminating Farber's employment. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002). Summary judgment on her claims was therefore proper.

**AFFIRMED.**

4